# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00251-CR

---

**Jose Luis Regalado, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2020-874, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Jose Luis Regalado was charged with two counts of the second-degree felony offense of indecency with a child by contact. *See* Tex. Penal Code § 21.11(d). During trial, Regalado pleaded not guilty to both charges. At the conclusion of the trial, the jury found Regalado guilty on both counts as charged. After his convictions, the district court issued its certification of Regalado's right of appeal with check marks next to the boxes certifying that this case "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal."

When determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as "a certification which is correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification

appears to be defective, we must obtain a correct certification. *Id.* at 614-15. Based on the record before this Court, the district court's certification signed on April 25, 2022, appears to be incorrect. *See id.* at 614.

Accordingly, we abate the appeal and remand the case to the district court to issue a new certification. *See* Tex. R. App. P. 37.1 (requiring appellate court to notify parties if there appears to be defect in certification); *Dears*, 154 S.W.3d at 614 (stating that appellate courts have authority under Rules of Appellate Procedure "to obtain another certification, whenever appropriate"). The district court clerk is instructed to forward to this Court a supplemental clerk's record containing the new certification no later than September 19, 2022. *See* Tex. R. App. P. 34.5(c)(2).

It is ordered on August 18, 2022.


Before Chief Justice Byrne, Justices Triana and Smith

Abated and Remanded

Filed: August 18, 2022

Do Not Publish